# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Noor Bashir Abdi,

      Petitioner,

Court File No.: 15-cv-4322 (PAM/SER)

v.

**REPORT AND RECOMMENDATION**

Loretta E. Lynch et al.,

      Respondents.

---

Noor Bashir Abdi, *Pro Se*, Elk River, Minnesota 55330.

Ana H. Voss and D Gerald Wilhelm, Esqs., United States Attorney's Office, Minneapolis, Minnesota 55415, for Respondents.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Petitioner Noor Bashir Abdi's ("Abdi") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) [Doc. No. 1]. This matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, this Court recommends denying the Petition as moot and that this action be dismissed.

## I.   BACKGROUND

Abdi is a citizen and native of Somalia. (Pet. ¶ 6); (Decl. of Immigration Enforcement Agent Jonathan E.G. Ross, "Ross Decl.") [Doc. No. 10 ¶ 2]; (Resp. to Pet. for Writ of Habeas Corpus, "Initial Resp.") [Doc. No. 9 at 1]. Abdi obtained Legal Permanent Resident status to reside in the United States on March 4, 2011. (Ross Decl. ¶ 5). On November 20, 2012, Abdi pled guilty to one felony count of soliciting a minor. (Initial Resp. at 2). He was sentenced to five

years in prison with three years suspended. (*Id.*). After serving his sentence, on April 11, 2014, "United States Immigration and Customs Enforcement ('ICE') officers took [Abdi] into custody pending removal proceedings based upon his criminal conviction." (*Id.*); (Ross Decl. ¶ 8); *see* (Pet. ¶ 12). On July 9, 2014, "an Immigration Judge ordered [Abdi's] removal . . . to Somalia." (Initial Resp. at 2); (Ross Decl. ¶ 9). In March, June, September, and December of 2015, ICE reviewed Abdi's detention and found that his "removal from the United States was reasonably foreseeable in the near future." (Initial Resp. at 3–4); (Ross Decl. ¶ 11). These findings resulted in Abdi's continued detention in the United States. (Initial Resp. at 2–4); *see* (Pet. ¶ 13).

On December 8, 2015, Abdi filed his § 2241 habeas petition, requesting this Court to "immediately release [him] from custody." (Pet. at p. 1, 5). Abdi cited *Zadvydas v. Davis*, 533 U.S. 678 (2001), arguing that his continued ICE detention is unconstitutional. (Pet. at p. 4–5). Respondent Loretta E. Lynch ("Lynch") filed an initial response to the Petition on January 15, 2016, and indicated that Abdi was a candidate to be removed in the next sixty days. (Initial Resp. at 9); (Ross Decl. ¶¶ 16–17). Although Abdi had priority status, due to a postponement in obtaining travel documents, Abdi's removal was delayed until early May. (Suppl. Resp. to Pet. for Writ of Habeas Corpus, "Suppl. Resp.") [Doc. No. 15 at 2–3]; (Decl. of Deportation Officer Jonathan E.G. Ross, "Second Ross Decl.") [Doc. No. 16 ¶¶ 5–6]. Finally, on May 8, 2016, Abdi was removed to Somalia, and Lynch now requests that this Court dismiss Abdi's habeas petition. (Second Suppl. Resp. to Pet. for Writ of Habeas Corpus, "Second Suppl. Resp.") [Doc. No. 18 at 1]; (Decl. of Deportation Officer Jonathan E.G. Ross, "Third Ross Decl.") [Doc. No. 19 ¶ 6].

**II.   DISCUSSION**

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi,* 419 F.3d 722, 723 (8th Cir. 2005)

(internal quotation marks omitted); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Haden v. Pelofksy*, 212 F.3d 466, 469 (8th Cir. 2000) (omission in original) (internal quotation marks omitted).

"The District of Minnesota is one of several U.S. District Courts that have concluded that a petitioner's actual removal from the United States renders moot that petitioner's habeas claims related to his detention prior to removal." *Hassan v. I.C.E.*, No. 13-cv-841 (PJS/LIB), 2013 WL 3974522, at *2 (D. Minn. Aug. 1, 2013) (Brisbois, Mag. J., as adopted by Schiltz, J.); *see also Estrada-Heredia v. Holder*, 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (Rau, Mag. J.), *adopted by* 2012 WL 4839019 (Oct. 11, 2012) (Nelson, J.). The Eighth Circuit has similarly held that a § 2241 petitioner's release from custody renders his habeas motion moot. *See Ali*, 419 F.3d at 724 ("With Ali's December 29, 2004 release, Ali arguably received the relief he requested.").

Abdi's habeas petition challenges his detention by ICE, and he asks to be immediately released. *See* (Pet.). Lynch has shown that Abdi "has been removed from the United States—which both affords [Abdi] the relief that he sought and renders his petition moot." *See Hassan*, 2013 WL 3974522, at *2; (Second Suppl. Resp.); (Third Ross Decl. ¶ 6). "Quite simply, 'there is nothing for [this Court] to remedy, even if we were disposed to do so.'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1243 (11th Cir. 2002) (quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)). Therefore, the court recommends Abdi's Petition be denied as moot because there is no case or controversy sufficient to provide the Court jurisdiction under Article III.

In addition to removal, Abdi seeks an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). (Pet. at p. 5). This Court "recommend[s] denial of fees pursuant to [the] EAJA because [Abdi] proceeded *pro se* for the entirety of this action." *Estrada-Heredia*, 2012 WL 4839113, at *2 (citing *Zheng Liu v. Chertoff*, 538 F. Supp. 2d 1116, 1121 (D. Minn. 2008) (Davis, J.) ("Pro se litigants are not entitled to EAJA fee awards.")).

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED as moot**;
2. Abdi's request for attorney's fees be **DENIED**; and
3. This action be **DISMISSED with prejudice**.

Dated: July 6, 2016

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and

Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.